

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

**FILED**
OCT - 7 2020
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

October 7, 2020

Roger L. Lambert, Esquire
Lambert Law Office, PLLC
P. O. Box 588
Hurricane, WV 25526

       Re:  United States v. Julie M. Wheeler
            Criminal No. 5:20-cr-00145-1 (USDC SDWV)

Dear Mr. Lambert:

    This will confirm our conversations with regard to your client, Julie M. Wheeler (hereinafter "Mrs. Wheeler"). As a result of these conversations, it is agreed by and between the United States and Mrs. Wheeler as follows:

    1. **PENDING CHARGES.** Mrs. Wheeler is charged in a single-count indictment in violation of 18 U.S.C. § 371 (Conspiracy to Obstruct Justice).

    2. **RESOLUTION OF CHARGES.** Mrs. Wheeler will plead guilty to a violation of 18 U.S.C. § 371 (Conspiracy to Obstruct Justice) as charged in said Indictment.

    3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mrs. Wheeler will be exposed by virtue of this guilty plea is as follows:

        (a)  Imprisonment for a period of 5 years;

        (b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from

_____
Defendant's Initials

Roger L. Lambert, Esquire
October 7, 2020                              Re: Julie M. Wheeler
Page 2

           defendant's conduct, whichever is greater;

    (c)    A term of supervised release of 3 years;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT**. Mrs. Wheeler has submitted certified financial statements to the United States reflecting that she is without sufficient funds to pay the special assessment due upon conviction in this case. Mrs. Wheeler agrees that, if incarcerated, she will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **PAYMENT OF MONETARY PENALTIES**. Mrs. Wheeler authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess her financial condition for sentencing purposes. Mrs. Wheeler agrees not to object to the District Court ordering all monetary penalties to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mrs. Wheeler further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    Mrs. Wheeler authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

_____
Defendant's Initials

Roger L. Lambert, Esquire
October 7, 2020
Page 3

Re: Julie M. Wheeler

    In addition to any payment ordered by the Court, Mrs. Wheeler shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

    Mrs. Wheeler agrees that if she retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, she shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct her attorney to notify FLU immediately of her representation.

    6.  **COOPERATION.** Mrs. Wheeler will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mrs. Wheeler may have counsel present except when appearing before a grand jury.

    7.  **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mrs. Wheeler and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by her pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    8.  **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mrs. Wheeler for any violations of federal or state laws. The United States reserves the right to prosecute Mrs.

_____
Defendant's Initials

Roger L. Lambert, Esquire
October 7, 2020                                  Re: Julie M. Wheeler
Page 4

Wheeler for perjury or false statement if such a situation should occur pursuant to this agreement.

   9.   **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mrs. Wheeler stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

   Mrs. Wheeler agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by her, and she is subsequently tried for her conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mrs. Wheeler or of any of her witnesses, or in rebuttal of any testimony introduced by her or on her behalf. Mrs. Wheeler knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts.  If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

   The United States and Mrs. Wheeler understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

   10.   **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mrs. Wheeler agree that the following provisions of the United States Sentencing Guidelines apply to this case.

                                            _____
                                            Defendant's
                                            Initials

Roger L. Lambert, Esquire
October 7, 2020                           Re: Julie M. Wheeler
Page 5

| | |
|---|---:|
| Base Offense Level (USSG §2J1.2) | + 14 |
| Using Minor to Commit a Crime (USSG §3B1.4) | + 2 |
| Adjusted offense level | 16 |

The United States and Mrs. Wheeler acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mrs. Wheeler knowingly and voluntarily waives the right to seek appellate review of her conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 16, regardless of criminal history category. Mrs. Wheeler also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction in 18 U.S.C. § 371 is unconstitutional, and (2) Mrs. Wheeler's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the 18 U.S.C. § 371.

The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 13, regardless of criminal history category.

Mrs. Wheeler also knowingly and voluntarily waives the right

_____
Defendant's Initials

Roger L. Lambert, Esquire  
October 7, 2020                              Re: Julie M. Wheeler  
Page 6

to challenge her guilty plea and her conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mrs. Wheeler knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mrs. Wheeler;

(f) Advise the Court concerning the nature and extent of

_____  
Defendant's Initials

Roger L. Lambert, Esquire
October 7, 2020                                    Re: Julie M. Wheeler
Page 7

        Mrs. Wheeler's cooperation; and

(g) Address the Court regarding the issue of Mrs. Wheeler's acceptance of responsibility.

14. **VOIDING OF AGREEMENT.** If either the United States or Mrs. Wheeler violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mrs. Wheeler in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mrs. Wheeler in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                              MICHAEL B. STUART
                              United States Attorney

                  By:  */s/ Erik S. Goes*
                              Erik S. Goes
                              Assistant United States Attorney

ESG/lab

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eight-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering

                                                    _____
                                                    Defendant's Initials

Roger L. Lambert, Esquire
October 7, 2020                                    Re: Julie M. Wheeler
Page 8

into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          10-07-2020
Julie M. Wheeler                         Date Signed
Defendant

_____          10-07-20
Roger L. Lambert, Esquire                Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**UNITED STATES OF AMERICA**

v.                                  CRIMINAL NO. 5:20-cr-00145-1

**JULIE M. WHEELER**

## STIPULATION OF FACTS

The United States and Julie Wheeler (hereinafter "I", "We", "Me" and "My") stipulate and agree that the facts comprising the offense of conviction in the single-count Indictment in the Southern District of West Virginia, Criminal No. 5:20-cr-00145-1 and the relevant conduct for that offense, include the following:

1. I, Julie M. Wheeler, was under the supervision of the United States Probation Department pending my federal sentencing.

2. From some time prior to May 31, 2020 to on (or about) June 2, 2020, at or near Grandview and Beaver, Raleigh County, and Charleston, Kanawha County, West Virginia (within the Southern District of West Virginia), I and my husband, Rodney Wheeler, conspired to fake my disappearance in an effort to avoid my sentencing. In doing this, we:

    (a) intentionally made false, fictitious statements to officers with the National Park Service with the United States Probation Department; and

    (b) attempted to obstruct the due administration of justice in my pending judicial proceeding, that is, *United States v. Julie M. Wheeler*, Criminal No. 2:19-CR-00235 in the United States District Court for the Southern District of West Virginia.

3. It was part of the conspiracy that we, and another person known to the Grand Jury that was a juvenile ("Known Person"), agreed that we would stage my disappearance and/or my death in order to avoid my federal sentencing scheduled for June 12, 2020 in United States District Court. As part of the scheme, I would

then go into permanent hiding, assisted by my husband, Rodney Wheeler.

4. On (on or about) May 31, 2020, at or near Grandview, Raleigh County, West Virginia, and as part of the plan, Rodney Wheeler and Known Person prompted an emergency phone call to the Raleigh County 911 Center, claiming that I had fallen from an overlook in Grandview and was missing. Rodney Wheeler and Known Person then personally provided statements to the Raleigh County 911 Center that I had fallen from an overlook within Grandview. I further knew that these false statements caused state, federal, and local officials to begin search and rescue efforts to locate me.

5. Rodney Wheeler and Known Person provided further false statements to federal officials, including to officers with the National Park Service and United States Probation Department, that I had fallen from an overlook within Grandview Park and that my whereabouts were unknown. These false statements included details about how I had fallen from the overlook.

6. Rodney Wheeler and Known Person gave similar false statements to officials with the West Virginia State Police, the Raleigh County Sheriff's Office, and the West Virginia Division of Natural Resources concerning my disappearance.

7. On (or about) June 1, 2020, Rodney Wheeler posted statements on his personal Facebook.com account about the "accident" that occurred with me at Grandview Park and expressed "hope that she will be found" to further mislead the public and state and federal law enforcement authorities into believing I had fallen and remained missing.

8. A shoe and cellphone belonging to me were thrown from the Grandview overlook where I was reported missing to try and fool search and rescue groups into thinking that I had fallen over the cliff and was missing.

9. On (or about) May 31, 2020 through June 2, 2020, I actively concealed myself from state and federal law enforcement authorities by hiding in my home located at Beaver, Raleigh County, West Virginia. On at least two occasions, I concealed myself in a closet while state and federal law enforcement authorities, including officers with the United States Probation Department, were in my home coordinating efforts with Rodney Wheeler and Known Person to locate me.

**PLEA AGREEMENT EXHIBIT A**

10. On or about June 2, 2020, I was located by members of the West Virginia State Police in my home while concealing myself in a closet.

I, Julie M. Wheeler, do not dispute the following facts and acknowledge that the Government can prove them at trial:

11. Grandview Park ("Grandview") was a scenic overlook and a part of the New River Gorge National River, a unit of the United States National Park Service.

12. The National Park Service was an agency of the Federal Government within the jurisdiction of the executive branch of the United States Government.

13. The United States Probation Department was an agency of the Federal Government within the jurisdiction of the judicial branch of the United States Government.

Stipulated and agreed to:

_____          10-07-2020
Julie Wheeler                            Date
Defendant

_____          10/07/20
ROGER L. LAMBERT                         Date
Counsel for Defendant

_____          10/7/20
ERIK S. GOES                             Date
Assistant United States Attorney

PLEA AGREEMENT EXHIBIT A
3