UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

United States of America,

vs.                                                 Case No. 5:20-cr-00145-01
                                                           Judge John T. Copenhaver, Jr.

Julie M. Wheeler.

**Sentencing Memorandum of Defendant Julie Wheeler
and Motion for Downward Departure**

Now comes the defendant, Julie Wheeler, by counsel, Roger L. Lambert, and hereby submits this sentencing memorandum in aid of sentencing currently scheduled before this Court for January 7, 2021 at 10:30 AM. Wheeler further moves for a downward departure.

*Unresolved Objections and Motion for Downward Departure*

Wheeler has previously filed one unresolved objection to the presentence report. Wheeler hereby incorporates by reference the objection, as provided from pages 24-26 of the final presentence report. For her response, the probation officer stated her belief that the guidelines are properly calculated, since grouping rules do not apply to this single-count Indictment.

Wheeler concedes that grouping rules do not apply to this conviction. Introductory Commentary to Chapter Three, Part D, provides that grouping rules only apply to (1) multiple counts in the same charging document or (2) counts in separate charging documents that are consolidated for sentencing. It is undisputed that neither of those two scenarios are applicable here. Nevertheless, the Ninth Circuit Court of Appeals has noted that where grouping rules would have applied to the defendant's benefit but for separate indictments, a District Court may consider the same as mitigation for downward departure purposes. *See U.S. v. Gregory*, 322 F.3d 1157, 1164 (9th Cir. 2003). Wheeler maintains that this is an instance in which justice requires, at a

bare minimum, a downward departure of two-levels to prevent "double counting" of her offense conduct.

Additionally, Wheeler hereby objects to the substantial interference enhancement being applied in the final presentence report. (PSR ¶ 33). In the draft presentence report, the probation officer did not include this enhancement because she indicated that she did not have information regarding the expenditure for the search.[1] Thus, Wheeler did not submit an objection to this enhancement at the time for entering objections to the draft PSR. But in the Final PSR, the probation officer has applied the enhancement based on the sole assertion of the investigating officer that the amount was $27,293.94. To the best of counsel's knowledge, Wheeler has not received discoverable information regarding how the investigative officer arrived at this amount. It is also Wheeler's understanding that numerous federal, state and local agencies were involved and there is still no information as to which agencies incurred those expenditures and for what specific services they were incurred. Wheeler asserts that she is entitled to such documentation and her counsel should be given an opportunity to review such information before a significant three-point enhancement for substantial interference be applied by this Court.

*Request for Concurrent Sentencing*

On June 30, 2020, Wheeler was sentenced by this Court to 42 months for a healthcare fraud conviction in Indictment 2:19-cr-00235. (PSR ¶ 46). Wheeler's projected release date is May 26, 2023. Accordingly, as of the date of Wheeler's sentencing in this matter, she will still have over 28 months left to serve on that sentence. Wheeler's guideline imprisonment range (without the above-objections being granted) is 24-30 months. (PSR ¶ 71).

---

[1] In the draft PSR, Wheeler's total offense level was 13, with a guidelines imprisonment range of 15-21 months.

USSG § 5G1.3(d) provides that in a case, such as this one, that involves an undischarged term of imprisonment, the sentence may be imposed concurrently to the prior undischarged term of imprisonment to achieve a reasonable punishment. In this case, Wheeler would submit that a concurrent sentence would be appropriate to achieve a reasonable punishment.

As previously argued in the objection to the draft PSR, where a person is convicted of both an underlying offense and obstruction of justice, grouping rules require that the defendant be sentenced to either the underlying offense with the two-point obstruction enhancement or the total offense level for the obstruction offense. In counsel's extensive research and survey of case law relevant to obstruction offense, all of the cases involved a single prosecution of the underlying and obstruction offenses. Accordingly, it would appear that to consecutively sentence Wheeler would result in a sentencing disparity between her and similarly situated offenders. Of course, such a sentence would be contrary to the important sentencing factor of avoiding unwarranted sentencing disparities. 18 USC § 3553(a)(6).

Additionally, Wheeler maintains, as she did in the underlying case, her conduct in this case was the irrational act of a woman who was not in her right state of mind. Wheeler never fled the jurisdiction, but rather remained in her home during the search for her. Wheeler's desperate attempt to fake her own death was driven by an irresistible desire to avoid being separated her husband and children. Days of searching for Wheeler's body to no avail and learning about Wheeler's pending federal sentencing aroused law enforcement suspicions, which inevitably resulted in her capture in her home. The ruse had no reasonable likelihood of success. Wheeler continues to express remorse for needlessly putting rescue workers in harm's way, and maintains that she never anticipated that the search would involve rescue workers rappelling down into the gorge in an attempt to find her.

Based on the foregoing, Wheeler requests that this Court not impose the substantial interference enhancement requested by the probation officer in the final PSR. Moreover, Wheeler requests that the Court find that a two-point downward departure is appropriate in this matter for the reasons previously stated. This would result in a total offense level of 11, which with a criminal history category II yields a guidelines imprisonment range of 10-16 months. Finally, Wheeler requests that the Court run said guidelines sentence concurrently with her sentence in criminal case 2:19-cr-00235. Such a sentence in this matter would be consistent with the fair administration of justice.

                **JULIE M. WHEELER**
                By Counsel,

/s/ Roger L. Lambert
ROGER L. LAMBERT (#10800)
Lambert Law Offices, PLLC
PO Box 588
Hurricane, WV 25526
(304) 205-8915
rlambert@lambertlawwv.com

## CERTIFICATE OF SERVICE

I, ROGER L. LAMBERT, counsel for Julie M. Wheeler, do hereby certify that service of the foregoing *SENTENCING MEMORANDUM OF DEFENDANT JULIE WHEELER AND MOTION FOR DOWNWARD DEPARTURE* was made by hand-delivery, facsimile transmission, email, electronic filing or first class mail, postage prepaid to the following, on December 30, 2020.

Mr. Erik S. Goes, AUSA
U.S. Attorney's Office (USAWVS)
300 Virginia St., E, Rm. 4000
Charleston, WV 25301
304-347-5104
erik.goes@usdoj.gov

/s/ Roger L. Lambert
ROGER L. LAMBERT